UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff/Counter-Defendant,<br><br>    v.<br><br>JOHN DOE subscriber assigned IP address 98.56.157.74<br><br>    Defendant/Counter-Plaintiff. | No. 2:22-cv-01405-TLN-CKD<br><br>**ORDER** |

    This matter is before the Court on Plaintiff Strike 3 Holdings, LLC's ("Plaintiff") Motion for Leave to Amend. (ECF No. 22.) Defendant John Doe subscriber assigned IP address 98.56.157.74 ("Defendant") filed an opposition. (ECF No. 26.) Plaintiff filed a reply. (ECF No. 29.) Also before the Court is Plaintiff's Motion to Dismiss Defendant's counterclaim. (ECF No. 21.) Defendant filed an opposition. (ECF No. 27.) Plaintiff filed a reply. (ECF No. 28.) For the reasons set forth below, the Court hereby GRANTS Plaintiff's motion for leave to amend and DEFERS judgment on Plaintiff's motion to dismiss.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

In January 2022, Plaintiff brought a civil case in this Court against an unknown individual using IP address 73.12.140.117, who allegedly infringed on forty-four of Plaintiff's copyrighted works from approximately June 2021 to January 2022. (ECF No. 22-1 at 7.) After expedited discovery, Plaintiff identified the unknown individual as Defendant and the parties eventually entered into a Settlement Agreement (the "Settlement Agreement") on April 22, 2022. (*Id.*) The Settlement Agreement released Defendant from "potential or attempted infringement of any of the Plaintiff's copyrighted works, occurring, if at all, on or prior to the Effective Date." (*Id.*)

Plaintiff then brought the instant action on August 6, 2022, alleging an unknown individual using IP address 98.56.157.74 infringed on thirty-eight of Plaintiff's copyrighted works between March 2022 and July 2022. (*Id.*) After receiving leave from the Court to perform expedited discovery, Plaintiff discovered the identity of the unknown individual was, once again, Defendant. (*Id.*) Plaintiff then filed its First Amended Complaint ("FAC") with the corrected identity of Defendant. (*Id.*) However, when filing the FAC, Plaintiff alleges it inadvertently included works 14–38[1] in the FAC, which represent infringements on Plaintiff's copyrighted works that had been previously resolved through the Settlement Agreement because the infringements occurred before April 22, 2022. (*Id.*; ECF No. 31 at 2.) Defendant then filed an answer to the FAC and a counterclaim for breach of the Settlement Agreement, alleging Plaintiff's inclusion of works 14–38 in the FAC breached the terms of the Settlement Agreement. (*Id.* at 8.) Upon being informed of its error, Plaintiff reached out to Defendant for consent to amend the scope of its claims to include only infringement which occurred after April 22, 2022, and remove reference of works 14–38 from its complaint, but Defendant refused. (*Id.*) Plaintiff then filed the instant motion for leave to amend and instant motion to dismiss Defendant's counterclaim. (ECF Nos. 22; 21.)

---

[1] Following the Court's issuance of the Court's October 10, 2023 Minute Order (ECF No. 30), Plaintiff confirmed work 13 does represent a copyright infringement occurring after April 22, 2022. Plaintiff further confirmed it only seeks to remove reference to works 14–38 in its proposed SAC, not works 13–38 as previously stated in their motion to amend. (ECF No. 31 at 2.) Defendant did not file a response.

## II.   PLAINTIFF'S MOTION TO AMEND FAC

### A.   Standard of Law

Granting or denying leave to amend rests in the sound discretion of the trial court. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996). Once the court issues a scheduling order that establishes a timetable to amend the complaint, Rule 16 governs any amendments to the complaint past the deadline established in the order. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). To allow for amendment under Rule 16, a plaintiff must show good cause for not having amended the complaint before the time specified in the scheduling order. *Id.* The good cause standard primarily considers the diligence of the party seeking the amendment. *Johnson v. Mammoth Recs., Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Even if the good cause standard is met under Rule 16, the Court has discretion to deny leave to amend if it finds reasons to deny leave under Rule 15(a). *Johnson*, 975 F.2d at 610. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the "court should freely give leave when justice so requires." The Ninth Circuit has considered five factors in determining whether leave to amend should be given: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat'l Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).

### B.   Analysis

Plaintiff seeks leave to amend its FAC and correct the "scrivener's error" it made by including works 14–38 in their infringement claim. (ECF No. 22-1 at 9.) Defendant, in opposition, argues the inclusion of works 14–38 was not a scrivener's error, but a deliberate act constituting a breach of the Settlement Agreement. (ECF No. 26.)

#### *i.   Bad Faith*

Plaintiff argues its motion for leave to amend is not made in bad faith as it is only brought to correct the scope of its claims against Defendant. (ECF No. 22-1 at 9.) However, Defendnat argues Plaintiff acted in bad faith because Plaintiff "was well aware on September 14, 2022 that

works 1[4]–38 were barred." (ECF No. 26 at 6.) A motion to amend is made in bad faith where there is "evidence in the record which would indicate a wrongful motive" on the part of the litigant requesting leave to amend. *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987); *see also Wizards of the Coast LLC v. Cryptozoic Ent't LLC*, 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt." (citing *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006)).

Defendant analogizes this case with *Business Guides v. Chromatic Communications*, 498 U.S. 533 (1991), but this analogy is unpersuasive. (*Id.*) *In Business Guides*, the Court upheld sanctions on the plaintiff for, among other things, "failing to conduct a reasonable inquiry once they were put on notice of several inaccuracies" within their application for a temporary restraining order. 498 U.S. at 538. In the instant case, once Plaintiff was on notice of its error, Plaintiff attempted to correct its error by asking Defendant for consent to amend. (ECF No. 22-1 at 8.) When Defendant denied consent, Plaintiff filed the instant motion for leave to amend. (*Id.*) Without evidence to the contrary, the Court is satisfied with Plaintiff's explanation that its error was simply a lack of oversight and not an attempt to breach the Settlement Agreement as Defendant suggests.

Accordingly, the Court finds Plaintiff did not act in bad faith.

    ii.  *Undue Delay*

Undue delay requires the Court to ascertain "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990)). In the instant case, at the time of the original pleading, Plaintiff was aware of the Settlement Agreement and that it released Defendant from "potential or attempted infringement of any of the Plaintiff's copyrighted works" occurring before April 22, 2022. (ECF No. 22-1 at 7.) However, as discussed above, the Court accepts Plaintiff's explanation that it included copyright infringement claims which occurred before April 22, 2022 in the FAC by accident. Moreover, Plaintiff is not looking to add facts or

legal theories to its pleadings but seeks to correct and reduce the scope of its claims.  (*Id*. at 9–10.)  Defendant is silent in their opposition regarding this factor.

Accordingly, the Court finds granting leave to amend would not cause undue delay and notes Defendant could have expedited proceedings by agreeing to Plaintiff's original request to amend the FAC.

### iii.   Prejudice to the Opposing Party

Plaintiff argues the proposed amendment is "far from prejudicing Defendant" but in fact benefits him because it would reduce the scope of claims against him.  (ECF No. 22-1 at 10.)  Defendant contends he has been "prejudiced by having, after filing an answer and counterclaim, to deal with plaintiff's failure to adhere to Rule 11, not once, but twice."  (ECF No. 26 at 7.)  "Prejudice results when an amendment would unnecessarily increase costs or would diminish the opposing party's ability to respond to the amended pleading."  *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08-CV-01086-AWI, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).  Prejudice is the factor that weighs most heavily in the Court's analysis of whether to grant leave to amend.  *Eminence Capital v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  The Court agrees with Plaintiff that all of Defendant's alleged increases in cost or efforts are, as they pertain to the instant motions, self-inflicted.  Plaintiff requested consent for leave to amend to resolve the matter without involving the courts, but Defendant refused.  Moreover, Defendant provides no evidence to support its contention Plaintiff intentionally included works 14–38 in their infringement claim or that if dismissed without prejudice, Plaintiff would bring these claims against Defendant again.

Accordingly, the Court finds granting leave to amend would not prejudice Defendant.

### iv.   Futility

Plaintiff argues amendment would not be futile because it will correct the scope of Plaintiff's infringement claim.  (ECF No. 22-1 at 11.)  A proposed amendment is futile where "the pleading could not possibly be cured by the allegation of other facts."  *Watison v. Carter*, 668 F.3d 1108, 1117 (9th Cir. 2012) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

1995)).  Defendant is silent on futility in their opposition.  The Court agrees that granting leave would allow Plaintiff to correct the number of works infringed, and thus would not be futile.

<em>v.      Previous Amendment</em>

Plaintiff concedes they have previously amended their complaint but contends their first amendment was the result of the unique circumstances of this case.  (ECF No. 22-1 at 11–12.)  Defendant disagrees and argues Plaintiff has already been given leave to amend and should not get another opportunity.  (ECF No. 26 at 7–8.)  More specifically, Defendant argues if the Court grants leave to amend, it should be conditional upon works 14–38 being dismissed with prejudice and awarding Defendant reasonable attorney fees.  (*Id*. at 8.)

The Court agree with Plaintiff that the circumstances surrounding the FAC were unique.  However, a Court in its discretion may "impose 'reasonable conditions' on a grant of leave to amend a complaint."  *Int'l Ass'n of Machinists & Aerospace Workers v. Republic Airlines*, 761 F.2d 1386, 1391 (9th Cir. 1985) (citing *Mountain View Pharmacy v. Abbott Lab'ys*, 630 F.2d 1383, 1386 (10th Cir. 1980)).  "In determining whether to impose conditions, the factors that are relevant to grant leave initially may be considered."  *Id*.  While the Court has already found the relevant factors weigh in favor of granting Plaintiff leave to amend, the Court finds the imposition of conditions would be appropriate given resolution of Plaintiff's instant motion to dismiss depends on Plaintiff's removal of works 14–38 from its pleadings.

With respect to the issue of attorney's fees, "[t]he conditions a court may impose on approval to amend a complaint may also include the imposition of fees and costs 'to compensate the opposing party for additional costs incurred because the original pleading was faulty.'" *Vanguard Logistics Servs. (USA), Inc. v. Groupage Servs. of New England, LLC*, No. CV 18-517 DSF (GJSX), 2021 WL 4520969, at *3 (C.D. Cal. Jan. 4, 2021) (citing *Gen. Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995)).  In the instant case, Defendant seeks $1,530.00 in attorney fees for having to file an opposition to Plaintiff's motion.  (ECF No. 26 at 9.)  However, Defendant could have avoided the costs of filing its opposition by originally consenting to Plaintiff's request to amend the scope of its pleadings against Defendant.  (*See* ECF No. 22-1 at 8.)  Thus, the Court will not impose attorney fees as a condition to amendment.

Accordingly, the Court GRANTS Plaintiff's motion for leave to amend with the condition Plaintiff may only amend its complaint to remove references to works 14–38.

### III. PLAINTIFF'S MOTION TO DISMISS

Defendant filed a counterclaim against Plaintiff, alleging the Settlement Agreement released Defendant from all potential infringement claims published prior to April 22, 2022, and Plaintiff's filing of the instant case constitutes a breach of the Settlement Agreement. (ECF No. 13.) Plaintiff moves to dismiss Defendant's counterclaim and argues Plaintiff's amended complaint will moot Defendant's counterclaim. (ECF No. 28 at 6.) "Ordinarily, courts will defer consideration of challenges to the merits of a proposed amened pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Given Plaintiff has not yet filed their amended complaint, the Court can not yet ascertain whether the amended complaint will resolve Defendant's counterclaim.

Accordingly, the Court will DEFER judgement on Plaintiff's motion to dismiss Defendant's counterclaim until after Plaintiff files their amended complaint.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion to Amend its Complaint (ECF No. 22) and DEFERS judgment on Plaintiffs Motion to Dismiss Defendant's counterclaim (ECF No. 21). The Court ORDERS Plaintiff to file its amended complaint within seven (7) days of the electronic filing date of this Order. The Court further ORDERS the parties to file a Joint Status Report within thirty days (30) days of the electronic filing date of Plaintiff's amended complaint, indicating whether Defendant wishes to proceed with its counterclaim (ECF No. 12) and whether Plaintiff wishes to proceed with its corresponding motion to dismiss (ECF No. 21).

IT IS SO ORDERED.

Date: November 1, 2023

Troy L. Nunley
United States District Judge

7